**Smith, Jr. v. Adams**

*Walter T. Re David*, for plaintiffs.
*Eldon S. Magaw*, for defendant.

SWENEY, P. J., and TOAL, J., April 25, 1961.— Plaintiffs herein are deputy sheriffs employed by the Sheriff of Delaware County. They brought an action in mandamus against defendant, who is Controller of

Delaware County, seeking a mandatory order requiring the controller to pay over and deliver salary checks to the respective plaintiffs allegedly improperly withheld. Hearing was held and the record discloses that while the controller has never questioned the propriety of the respective payroll checks, she has nevertheless refused to pay over the checks, alleging a setoff against the current payroll checks for improper payments for previous automobile mileage charges.

The question of whether or not the basis used in determining the mileage was proper is not and never has been a part of this case. It may eventually become the duty of the court in another action to determine whether the mileage allowed to these plaintiffs has been properly calculated, and in the present case whether or not the controller can, in any event, set off an unliquidated claim against a salary check. These issues, however, are not properly before the court now.

The right of the controller to withhold the salary checks as a setoff is not ripe, because the record shows that the controller has not followed the act of assembly in such case made and provided. The Act of August 9, 1955, P. L. 323, sec. 1752, 16 PS §1752, provides:

"If the controller does not approve a claim, bill or demand presented to him, he shall within thirty days forward it to the county commissioners together with his notice that he has refused to approve the same and his reasons therefor. The county commissioners shall consider the claim, bill or demand and, if they consider that it should be paid by the county, they shall so notify the controller. If the controller thereafter continues to refuse his approval no payment shall be made thereon by the county except pursuant to an order of court upon a proper issue thereto directing the controller to approve payment."

The fact that the county controller has already approved the payroll does not eliminate the necessity for

the various steps required by this section of the County Code because the controller is withholding for another reason, to wit, an alleged setoff against the employe, and this has not yet been acted upon by the county commissioners officially.

The County Code is a carefully thought out system of controls and should be followed and, therefore, we make the following

*Order*

And now, to wit, April 25, 1961, it is ordered, adjudged and decreed that defendant, Catherine M. Adams, County Controller, comply with the Act of August 9, 1955, P. L. 323, sec. 1752, 16 PS §1752, and that meanwhile the petition for mandamus be retained by this court for final adjudication if and when compliance with the said act of assembly is had.